UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRY E. PICCOLELLA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:09-CV-696-M |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is an appeal from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying the claim of Sherry E. Piccolella ("Plaintiff" or "Piccolella") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). The Court referred this case to the United States Magistrate Judge for findings, conclusions, and recommendation. *See* 42 U.S.C. § 636(b)(1)(B). The United States Magistrate Judge has recommended that this Court reverse the Commissioner's decision denying Plaintiff benefits and remand the case for further proceedings. The Commissioner filed objections to the findings, conclusions, and recommendation. After a thorough review, the Court overrules the Commissioner's objections.

### Procedural History

On October 18, 2006, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of September 1, 2006.[1] (Tr. 19.) She alleged disability due to "cervical d[y]stonia/twisting of the neck." (Tr. 112.) The state agency denied her claim, initially and on

---

[1] Citations to the Administrative Record are designated as "Tr."

reconsideration, after which she requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a hearing on June 26, 2008, at which Plaintiff appeared with counsel and testified on her own behalf. (Tr. 27-47.) The ALJ also received the testimony of Vocational Expert ("VE") "Ms. Beasley."[2] (Tr. 28, 44.) On October 2, 2008, the ALJ denied Plaintiff's request for benefits, finding that Plaintiff had the severe impairments of cervical dystonia and essential hypertension, but that she was not disabled because she was still capable of performing her past relevant work as a dispatcher and communications worker. (Tr. 21, 26.) Plaintiff timely requested the Appeals Council to review the ALJ's decision, and on February 11, 2009, the Appeals Council denied her request. (Tr. 1-3.) Accordingly, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002). Plaintiff filed this appeal on April 16, 2009. Defendant filed an answer on June 23, 2009. On August 23, 2009, Plaintiff filed her brief, followed by Defendant's brief on October 20, 2009.

## STANDARD OF REVIEW

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

---

[2] The transcript does not reflect Ms. Beasley's first name or her professional qualifications.

2

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled.  Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work he has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry.  *Leggett*, 67 F.3d at 564.  The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).  If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference.  *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized.

3

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g).  Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564.  The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present.  *Greenspan*, 38 F.3d at 236.

## Statement of the Case

In the present case, the ALJ proceeded to step four of the sequential review. He found that Plaintiff had not engaged in substantial gainful activity since September 1, 2006, her alleged onset date. (Tr. 21.)  Piccolella was 46 years old as of the date of the administrative hearing, (Tr. 30), with past relevant work as a dispatcher for the Mesquite police department from November 1981 through September 2003.  (Tr. 32, 44.)  The ALJ found Piccolella had a severe combination of impairments: "cervical dystonia and essential hypertension," but that the combination of her impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 21, 23.)  The ALJ further found Plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work, and that her RFC would not preclude her from performing her past relevant work as a dispatcher and communications worker through December 31, 2008, the last date on which she met insured status for benefits.  (Tr. 23, 26.)  He therefore concluded that Piccolella was not under a disability and denied her claim for benefits.  (*Id*.)

## The Hearing

The ALJ noted at the hearing that the medical records through April 2008 concluded that Piccolella had no neurological limitations and normal arm and leg strength.  (Tr. 45-46.)  Plaintiff

4

first received a Botox treatment from her treating neurologist, Dr. Watts, on November 8, 2000. (Tr. 351-352.) Although Plaintiff testified at the administrative hearing that she was still seeing Dr. Watts for Botox treatments, at the time of the hearing the latest report in the record from this doctor was January 19, 2007, (Tr. 207), with a Botox injection on January 16, 2008. (Tr. 310.) The ALJ observed that there was a difference of opinion between what Piccolella's treating physicians noted and what Piccolella reported to the ALJ. (Tr. 45.) During his examination of the VE, the ALJ stopped the hearing and suggested that Piccolella visit her treating neurologist, Dr. Watts, to get a "global assessment" to send the ALJ.[3] (Tr. 46.)

### The United States Magistrate Judge's Findings, Conclusions, and Recommendation

The Court reviews *de novo* those portions of the United States Magistrate Judge's Findings, Conclusions, and Recommendation ("FC&R") to which objection was made. *See* U.S.C. § 636(b)(1)(C).

### Analysis

"The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley*, 67 F.3d 552, 557 (5th Cir. 1995). "If the ALJ does not satisfy [this] duty, [the] decision is not substantially justified." *Id.* Reversal of the ALJ's decision is appropriate, however, "only if the applicant shows that he was prejudiced." *Id.* In disability determinations and decisions made at step four of the sequential evaluation process outlined in 20 CFR 404.1520, and at which the individual's ability to do past relevant work must be considered, Social Security

---

[3] During the three months between the hearing and the ALJ's decision, Piccollela did not provide an update from Dr. Watts. The only additional information provided by Plaintiff prior to the ALJ's decision was a letter from Dr. Mickey dated July 9, 2008. (Tr. 564.) Plaintiff's attorney submitted an additional letter from Dr. Mickey dated October 29, 2008 to the Appeals Council. (Tr. 565.)

5

Administration Rulings require the ALJ's analysis to consist of three distinct findings. SSR 82-62; *see also Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). The ALJ must first evaluate a claimant's RFC in light of the claimant's physical and/or mental limitations. *Id*. Next, the ALJ must determine the physical and mental demands of the claimant's past relevant work. *Id*. Finally, the ALJ must determine whether the claimant can meet the job demands in the second finding despite the limitations in the first finding. *Id*.

At the hearing, the ALJ called a VE to help determine if Plaintiff was capable of performing her past relevant work. *See Greenspan*, 38 F.3d at 239 (affirming determination, based in part on testimony of vocational expert, that claimant was able to perform past relevant work). The ALJ was beginning to question the VE when the ALJ suddenly stopped the hearing to announce that he was going to put the case on hold to allow Plaintiff to submit additional medical evidence. The ALJ did not finish questioning the VE. Plaintiff did not submit the additional medical evidence that was requested, and the ALJ decided the case on the record before him, as he recollected it.

The ALJ's sole basis for his decision that Plaintiff could perform her past relevant work was based on VE testimony that never occurred. The ALJ's opinion states:

> The vocational expert was provided a hypothetical in which an individual of the claimant's age, education, work experience and residual functional capacity and asked if such an individual would be capable of performing past relevant work. The vocational expert indicated that such an individual would be able to perform past work as indicated above. It is noted that the testimony of the vocational expert is consistent with information located in the Dictionary of Occupational Titles (DOT) SSR 00-4p.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. The claimant's past work was performed at the sedentary level of exertional capacity.

6

(Tr. 26 at ¶ 6.)  However, as Plaintiff points out and as the Commissioner concedes, the ALJ *never asked* the VE to determine if an individual of the claimant's age, education, work experience and residual functional capacity would be able to perform past relevant work like that which Plaintiff had performed.  (Tr. 21-23 at ¶ 3.)  Moreover, the VE *never testified* that his testimony was consistent with the information in the DOT.  Obviously, Plaintiff's counsel never had the opportunity to cross-examine the VE on the question of Plaintiff's ability to perform her past relevant work.  The only testimony the ALJ elicited from the VE was the DOT code, strength level and SVP[4] level for work as a dispatcher, as a communications supervisor, and for working with advertising material. (Tr. 44-45.)   The United States Magistrate Judge found that the Commissioner's decision that Plaintiff was not disabled is not supported by substantial evidence, in the absence of testimony from the VE that Plaintiff's physical impairments did not prevent her from engaging in her past relevant work on or before December 31, 2008.  (FC&R at 7.)

      The Commissioner objects to the United States Magistrate Judge's findings based upon the ad hoc rationalization that VE testimony is not required to correlate Plaintiff's non-disabling impairments with her past relevant work and that Social Security regulations state only that a vocational expert "may" be used to make such a correlation.  See 20 C.F.R. § 404.1560(b)(2), (3).  The Court is well aware that the ALJ could have based a finding of no disability at step four on substantial evidence other than the testimony of a VE.  The problem is that, in this case, he did not do so.  An ALJ's decision must stand or fall with the reasons stated in the ALJ's decision, as adopted by the Appeals Council.  *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  If an ALJ's decision

---

[4]  SVP stands for "specific vocational preparation" and refers to the amount of time it actually takes to learn to do the job, and thereby acquire the skills necessary to its performance.

is based on a defective hypothetical, the decision is not substantially justified, *Boyd v. Apfel,* 239 F.3d 698, 708 (5th Cir. 2001).  Nonetheless, an ALJ's defective hypothetical question only constitutes reversible error if the ALJ based his unfavorable decision on the VE's answer to the defective hypothetical question.  *Bowling*, 36 F.3d at 436.  When this happens, the court is "constrained to vacate and to remand" due to this reversible error.  *Id.*; *see Boyd,* 239 F.3d at 708.  Although an ALJ may make a step four decision without a VE, in any case in which the ALJ calls a VE to testify, the hypothetical question must comport with the law.  *Id*.

Accordingly, the propriety of the ALJ's finding at step four in this case is dependent upon whether the VE in fact testified that a hypothetical individual with all of plaintiff's limitations and restrictions as determined by the ALJ, could perform plaintiff's past work.  *See Bowling*, 36 F.3d at 436 ("[H]ypothetical question posed to the vocational expert by the ALJ must "incorporate reasonably all disabilities of the claimant recognized by the ALJ").  As the Court has previously noted, the record contains no such testimony by the VE, and it is undisputed that the ALJ based his unfavorable step-four decision on the missing testimony.  Accordingly, a remand is appropriate to enable the ALJ to reassess whether Plaintiff can perform her past relevant work, either by eliciting from a VE a response to a complete hypothetical question, or by basing his decision upon other substantial evidence.

In light of this decision, the Court need not consider the Commissioner's other objections to the United States Magistrate Judge's findings, conclusions, and recommendations.  For the reasons set forth herein overruling the Commissioner's objections, the Court accepts the recommendation

of the United States Magistrate Judge to reverse the Commissioner's decision denying Plaintiff benefits and to remand the case for further proceedings.

**SO ORDERED** this 18th day of March, 2010.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**